UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY GRAHAM,

       Plaintiff,

v.

                                           Case No. 25-cv-11473
                                           HON. MARK A. GOLDSMITH

UNITED STEEL WORKERS LOCAL 332,

       Defendant.

_____/

### OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION (Dkt. 21), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 24), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 13), AND (4) DENYING PLAINTIFF'S MOTION TO STRIKE (Dkt. 15)

This matter is before the Court on Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation (R&R) recommending that the Court grant Defendant United Steelworkers Local 332's motion to dismiss (Dkt. 13) and deny Plaintiff Jeffrey Graham's motion to strike affirmative defenses as moot. (Dkt. 15).  R. & R. at PageID.112–113 (Dkt. 21).  Graham filed objections (Dkt. 24).  United Steelworkers filed a response (Dkt. 26).[1]  The Court reviews de novo those portions of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For the reasons set forth below, the Court (i) adopts the recommendation in the R&R, (ii) overrules Graham's objections, (iii) grants United Steelworkers' motion to dismiss, and (iv) denies Graham's motion to strike affirmative defenses.

### I.    BACKGROUND

---

[1] The briefing also includes Graham's response to United Steelworkers' motion (Dkt. 17), United Steelworkers' reply (Dkt. 19), and United Steelworkers' response (mis-labeled as "reply") to Graham's motion (Dkt. 18).

The full relevant factual background is set forth in the R&R.  R. & R. at PageID.100–102.  Graham brings a breach of duty of fair representation claim under 29 U.S.C. § 185.  Compl. at PageID.2.  He also brings claims for "[f]ailure to [a]dvance [g]rievance;" "[m]ishandling of [d]efamation [a]llegation;" and "[c]ollusion or [p]assive [c]omplicity with [e]mployer [m]isconduct."  Id. at PageID.3.

The R&R recommends that the Court grant United Steelworkers' motion to dismiss because Graham's claims are time-barred.  R. & R. at PageID.108.  And even if the Court were to find that the claims were not time-barred, the R&R still recommends that the Court grant United Steelworkers' motion to dismiss because Graham has not shown that Adient, Graham's employer, breached its collective bargaining agreement and that United Steelworkers breached its duty of fair representation.  R. & R. at PageID.109–112.  The R&R also recommends that the Court deny Graham's motion to strike affirmative defenses as moot.  Id. at PageID.112.

Graham makes five objections to the R&R.  Obj. at PageID.118–121.  Each one lacks merit.

## II.    ANALYSIS

Graham first objects to the R&R's conclusion that the "final action" taken by United Steelworkers in connection with his grievance based on the June 2024 incidents was taken on July 17, 2024.  Obj. at PageID.118.  As the R&R notes, the Sixth Circuit has held that the "timeliness of the [breach of duty of fair representation] suit must be measured from the date on which the employee knew or should have known of the union's final action or should have known of the employer's final action, whichever occurs later."  R. & R. at PageID.105 (quoting Robinson v. Cent. Brass Mfg. Co., 987 F.2d 1235, 1239 (6th Cir. 1993)).  Graham argues that he attempted to continue resolving his grievances "through late 2024" and that there was "no definitive or formal communication from the union" that they had concluded "processing his grievance."  Obj. at PageID.118–119.

2

As the R&R stated, it is not entirely clear when the final action related to the June 2024 incidents was taken.  R. & R. at PageID.106.  This lack of clarity stems from the absence of briefing on the subject.  The absence of briefing is understandable, as the Magistrate Judge raised the issue of statute of limitations sua sponte for the first time in the R&R.  Id. at PageID.105.  Given the acknowledgement of the lack of clarity on this issue, the Court cannot endorse the R&R's conclusion that Graham's complaint was untimely.  Id. at PageID.108.  However, because the Court overrules Graham's other objections and grants United Steelworkers' motion to dismiss for the other reasons cited in the R&R, Graham's first objection can be dismissed as moot.

Graham's second objection is that the R&R misapplied the pleading standard.  Obj. at PageID.119.  He argues that his complaint alleges that "[t]he employer (Adient) violated procedural standards under the CBA; [t]he union admitted these violations but refused to represent [p]laintiff adequately; multiple grievance requests were submitted and ignored or superficially addressed; [and] [p]laintiff was denied union representation in critical disciplinary meetings."  Id.  Graham asserts these facts amount to "plausible claims for arbitrary and bad-faith conduct under the duty of fair representation and should survive Rule 12(c) scrutiny."  Id.

The R&R recommended granting United Steelworkers' motion to dismiss because Graham had not alleged that Adient discharged him in violation of his collective bargaining agreement.  R. & R. at PageID.109–110.  Nor had he alleged that United Steelworkers had breached its duty of fair representation because he did not allege that they engaged in discrimination, made an arbitrary decision, or made a decision in bad faith.  R. & R. at PageID.110–112.  Graham's objection does not show how there was any error in this—he merely disagrees with the R&R's conclusion, which is not a valid objection.  Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).  Objection two is overruled.

3

Graham's third objection is that the R&R failed to "[l]iberally [c]onstrue [his] [p]ro [s]e [c]omplaint." Obj. at PageID.120. He argues that he identified: "[d]ates of incidents, [s]pecific failures by the union, [and] [e]motional and financial harm sustained due to inadequate representation." Id.

Graham does not explain his objection further. Graham is correct that a pro se litigant is entitled to a liberal construction of his pleadings. Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). This does not mean, however, that the Court must ignore his pleading's deficiencies. He does not explain how "[d]ates of incidents, [s]pecific failures by the union, [and] [e]motional and financial harm sustained due to inadequate representation" cure the deficiencies in his complaint that the R&R identified. The Court need not address arguments that Graham fails to develop. See ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 583–584 (6th Cir. 2019) ("[T]his court has consistently declined to review issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (punctuation modified)). Objection three is overruled.

In objection four, Graham contests the R&R's reliance on an order in his separate wrongful termination case. Obj. at PageID.120. Part of the reason the R&R recommended the Court grant United Steelworkers' motion to dismiss is that this Court has already decided that Graham failed to plead sufficient facts to support his claim of breach of his collective bargaining agreement in another case that he filed. R. & R. at PageID.109–110 (citing Graham v. Adient US LLC, No. 25-11471, 2025 WL 1919883, at *3 (E.D. Mich. July 11, 2025)). Graham argues, citing Vaca v. Sipes, 386 U.S. 171 (1967) that the "dismissal [of his case] against the employer does not preclude a valid claim against the union, particularly where the union's duty is independent and fiduciary in nature." Obj. at PageID.120.

4

Graham is correct that claims of breach of duty of fair representation do not necessarily need allegations of a breach of a collective bargaining agreement. See e.g., Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6, 493 U.S. 67, 80–81 (1989). But his complaint alleges a breach of duty of fair representation related to his rights under a collective bargaining agreement. See Compl. ¶ 9 ("Plaintiff immediately requested assistance from Union officials…to intervene and protect his rights under the collective bargaining agreement."). Therefore, as a matter of law, he must allege both a breach of the collective bargaining agreement and a breach of a duty of fair representation. See Swanigan v. FCA US LLC, 938 F.3d 779, 784 (6th Cir. 2019). As evidenced by the dismissal of his other case for failure to state a breach of contract claim, Graham has not done so. Graham, 2025 WL 1919883, at *3. Objection four is overruled.

Graham's fifth objection is that the R&R made a "[m]aterial [m]isrepresentation of the [b]asis for [t]ermination." Obj. at PageID.120–121. Graham explains that the R&R "failed to acknowledge that [he] was wrongfully terminated for submitting IRS Form W-8BEN" and that when he told the United Steelworkers, they "merely questioned the nature of the W-8BEN and failed to conduct any meaningful investigation or advocacy" which "constitutes a direct violation of the union's duty to: [i]nvestigate claims of retaliation; [p]rotect members asserting legal rights; [and] [d]emand evidence when the employer alleges misconduct without proof." Id.

The R&R does not mention the basis for Graham's termination. Moreover, Graham does not explain why this fact is relevant to whether he stated a claim for breach of duty of fair representation. As previously stated, the Court need not address arguments that Graham fails to develop. See ECIMOS, LLC, 736 F. App'x 583–584. Objection five is overruled.

### III.    CONCLUSION

The Court adopts the R&R (Dkt. 21), overrules Graham's objections (Dkt. 24), grants

United Steelworkers' motion to dismiss (Dkt. 13) and denies Graham's motion to strike affirmative

defenses (Dkt. 15) as moot.

**SO ORDERED.**

Dated: February 13, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First-Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2026.

                                                  s/Joseph Heacox
                                                  JOSEPH HEACOX
                                                  Case Manager